A11A0444. HILL v. THE STATE.

(710 SE2d 667)

SMITH, Presiding Judge.

In this case of first impression, we are called upon to interpret the provisions of OCGA § 17-7-50.1 (a), establishing a time limit for the presentment of a juvenile's case to a grand jury in superior court. Because the State failed to meet the time limit for presenting the case to the grand jury, the case should have been returned to the

juvenile court. The superior court as a result lacked jurisdiction to entertain a guilty plea, and we therefore vacate the judgment of conviction and remand for transfer to the juvenile court.

During a confrontation arising from a personal quarrel, Jeremi Hill fired a shotgun at two individuals, wounding them both with buckshot. On July 16, 2009, Hill was detained on a juvenile complaint and committed to a detention center. A petition of delinquency was filed in the juvenile court on July 20, 2009, alleging that Hill committed acts that would, in the case of an adult, constitute two counts of aggravated assault, one count of possession of a firearm during the commission of a felony, and one count of possession of a firearm by an underage person. On November 25, 2009, the juvenile court entered an order nunc pro tunc November 13, 2009, transferring Hill's case to the superior court, finding after a review of his extensive history of delinquency:

> [I]t is apparent to the Court that the child is a danger to the community and is not amenable to treatment and rehabilitation in the juvenile justice system. His offenses are becoming more violent and he has not been successfully corrected through the resources available in the juvenile justice system. . . .
>
> Because of the very egregious nature of this offense and the child's past record of failure in the juvenile justice system, the interest of the child to be treated in the juvenile justice system is outweighed by the rights of the community to have this case tried in Superior Court.

(Citations omitted.)

Hill was not indicted in the superior court until April 20, 2010. He immediately moved to return his case to juvenile court on the basis of OCGA § 17-7-50.1, arguing that he had not been indicted within 180 days of detention as provided by the statute. The trial court denied Hill's motion without comment and denied Hill's request for a certificate of immediate review. Thereafter, Hill pled guilty to one count of aggravated assault. He appeals from the judgment of sentence and conviction, asserting that the trial court lacked jurisdiction and should have granted his motion to transfer. We agree.

OCGA § 17-7-50.1 provides in relevant part:

> § 17-7-50.1. Time for presentment of child's case to a grand jury; exception
>
> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code

Section 15-11-28 or 15-11-30.2, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.

(b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

. . .

In interpreting a statute, we must give effect to the legislature's intention, looking "diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a).

To determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. We interpret a statute to give effect to the real legislative intent and meaning, however, and not so strictly as to defeat the legislative purpose.

(Citations and punctuation omitted.) *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005). In the case of a criminal statute, if it "is open to more than one reasonable interpretation, it must be construed strictly against criminal liability, and in favor of the individual facing criminal liability." (Citation omitted.) Id. at 834-835.

The plain language of the statute provides that a child within superior court jurisdiction "*shall* within 180 days of the *date of detention* be entitled to have the charge against him or her presented to the grand jury." (Emphasis supplied.) The statute further provides that the case "*shall be transferred* to the juvenile court" if an indictment is not obtained within the specified time. (Emphasis supplied.)

Here, Hill was not indicted until approximately 300 days after his detention began. Under the plain language of the statute, it was

534

mandatory that the case be transferred back to the juvenile court. OCGA § 17-7-50.1 (b). The superior court therefore erred in denying Hill's motion to transfer. And because the case should have been transferred, the superior court also erred in accepting Hill's subsequent guilty plea, made only after his request for a certificate of immediate review was denied.

While the State has not raised the issue, we also consider whether Hill's guilty plea waived his jurisdictional claim and conclude that it did not. A guilty plea can waive the right to appeal certain issues, such as the denial of a motion to suppress. *Covin v. State*, 272 Ga. App. 65, 67 (2) (611 SE2d 729) (2005). But even an unconditional plea of guilty cannot waive a jurisdictional issue:

> [A] plea of guilty generally waives all defenses or objections, known or unknown, other than an appellate issue of whether the plea was voluntarily made and accepted, and in strictly limited circumstances, appellants may go behind the plea to show some supervening illegality of overwhelming proportions. This exception concerns errors that go to the very power of the state to bring the defendant into court to answer the charge brought against him. As recognized in *Blackledge v. Perry*, 417 U. S. 21, 30 (94 SC 2098, 40 LE2d 628) [(1974)], an unconditional guilty plea does not preclude appeal of a claim of error grounded upon the right not to be haled into court at all, that is, jurisdictional and generally double jeopardy-type errors.

(Citations and punctuation omitted.) *Hooten v. State*, 212 Ga. App. 770-771 (1) (442 SE2d 836) (1994). Because the superior court lacked jurisdiction to enter its judgment on Hill's guilty plea, his claim under OCGA § 17-7-50.1 was not waived and the judgment of conviction on his plea should be vacated. Cf. *State v. Sullivan*, 237 Ga. App. 677 (516 SE2d 539) (1999) (indictment properly quashed when jurisdiction not in superior court due to delayed entry of transfer order).

The State, citing no case law, contends that the 180 days should be counted from the date of transfer to the superior court rather than the date of detention. It argues that, as Hill's crime was not within the jurisdiction of the superior court until the juvenile court entered its transfer order, it therefore had 180 days from the date of transfer to obtain an indictment. But the statute plainly adopts the date of detention, not the date of transfer, as the point from which the time is calculated, and it explicitly applies whether the child is initially subject to the jurisdiction of the superior court through committing an enumerated offense, OCGA § 15-11-28, or via a

transfer to superior court after a petition and hearing, OCGA § 15-11-30.2. OCGA § 17-7-50.1 (a). The General Assembly thus was aware of the transfer process at the time it enacted the statute; and "statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law. . . ." (Citations and punctuation omitted.) *Burke v. State*, 274 Ga. App. 402, 404 (2) (618 SE2d 36) (2005).

The State, again citing no law, further argues that this interpretation will prevent cases from being transferred to superior court when the juvenile court's decision on a transfer is delayed due to psychiatric evaluation and other investigations required by the transfer statute. But that hypothetical circumstance is irrelevant here. Under the plain language of the statute, the State had an additional 60 days in which to seek an indictment following the transfer to superior court. Moreover, the State acknowledged at oral argument that it could have applied for a 90-day extension of time under OCGA § 17-7-50.1 (a) as soon as the case was transferred to the superior court. That would have provided 150 days or approximately five months for the grand jury to consider Hill's case. But the State failed to seek an extension and cannot now complain that it was prevented from obtaining an indictment by any delay on the part of the juvenile court or even by any reluctance on the State's part to seek an indictment before jurisdiction was established in the superior court.

The superior court lacked jurisdiction at the time Hill was indicted, and we therefore must vacate the judgment of conviction and sentence and remand with direction that the superior court transfer the case to the juvenile court in accordance with the provisions of OCGA § 17-7-50.1 (b).

*Judgment vacated and case remanded with direction. Mikell and Dillard, JJ., concur.*

DECIDED MAY 6, 2011.

*Sutherland, James R. McGibbon, Kurt E. Lentz, Stephen M. Reba*, for appellant.

*Howard Z. Simms, District Attorney, John A. Regan, Assistant District Attorney*, for appellee.