**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 26, 2012

# In the Court of Appeals of Georgia

A12A0194. STATE v. ARMENDARIZ.

MIKELL, Presiding Judge.

The State appeals from the trial court's order granting Kennedy Armendariz's motion for a plea in bar-statute of limitations and finding that a second indictment against Armendariz was untimely, as it did not comply with the special procedural requirements of OCGA § 17-7-50.1. That statute provides that charges against a juvenile whose crimes are within the jurisdiction of the superior court must be presented to a grand jury within 180 days of his detention. For the reasons that follow, we affirm. "As this issue turns on a proper interpretation of OCGA § 17-7-

50.1, it is a question of law, which is reviewed de novo on appeal."[1] In a challenge to a plea in bar, the State bears the burden of proving that the case is not time barred.[2]

The record shows that Armendariz, who was fifteen years old at the time of the alleged crimes, was arrested after he sold two pistols and a small amount of methamphetamine to an undercover agent. A delinquency petition was filed with the Juvenile Court of Jackson County and, after a hearing, the juvenile court granted the State's request to transfer the petition to the Superior Court of Jackson County so that Armendariz could be tried as an adult. On August 16, 2010, a grand jury returned a 15-count indictment. On August 26, 2010, the court revoked Armendariz's bond and he was placed in restrictive custody. Armendariz filed a demurrer/motion to quash, arguing that twelve of the indictment's fifteen counts were void ab initio because they were not included in the juvenile court petition. The superior court granted the demurrer as to Counts 1 and 5 through 15 of the indictment, finding that because the juvenile court never considered those counts, it had not divested itself of its exclusive jurisdiction, thus rendering the superior court without jurisdiction. The superior court

---

[1] (Citation omitted.) *Nunnally v. State*, 311 Ga. App. 558, 559 (1) (716 SE2d 608) (2011).

[2] *State v. Bair*, 303 Ga. App. 183 (692 SE2d 806) (2010).

denied the State's motion for reconsideration. The State filed a new complaint and petition for delinquency in the juvenile court, re-alleging nine of the twelve quashed counts. After a hearing on the second juvenile court petition, the case was transferred back to the superior court, and a grand jury returned a second indictment on all nine counts on May 9, 2011. Armendariz filed a plea in bar-statute of limitations, arguing that the State failed to timely indict him pursuant to OCGA § 17-7-50.1. After a hearing, the trial court found that Armendiraz was detained beginning on August 26, 2010, and that OCGA § 17-7-50.1 mandated he be charged within 180 days of that detention. Because the second indictment was returned May 9, 2011, more than 250 days after Armendariz's detention, the trial court found that the second indictment was not timely returned and granted the plea in bar-statute of limitations from which this appeal arises.

1. In its first enumeration, the State argues that the trial court erred because it should have found that OCGA § 17-7-50.1's 180-day time requirement tolled *only* as to the three surviving charges in the first indictment. The State reasons that Armendariz could not have been detained on the nullified charges, and therefore the 180-day requirement never applied to those charges, meaning the second indictment was timely.

3

OCGA § 17-7-50.1 provides that

(a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-28 or 15-11-30.2, who is detained *shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. . . .*

(b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court.[3]

Although the legislature did not address the issue of a subsequent indictment, and no case law resolves the issue, in interpreting OCGA § 17-7-50.1, we must give effect to the intent of the General Assembly.

To determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and *does not lead to absurd or impracticable consequences*, we apply the statute as written without further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. We

---

[3] (Emphasis supplied).

4

interpret a statute to give effect to the real legislative intent and meaning, and not so strictly as to defeat the legislative purpose.[4]

The legislative history of OCGA § 17-7-50.1 indicates that this chapter was amended "to provide for juvenile justice reforms . . . [and to] provide for procedures related to jurisdiction and indictment for children charged with crimes within the jurisdiction of the superior court."[5]

It is clear that OCGA § 17-7-50.1 (a)'s 180-day time clock began running when Armendariz was detained, as "the statute plainly adopts the date of detention . . . as the point from which the time is calculated."[6] Armendariz was detained prior to any challenge to the validity of the charges, indicating that he was detained for violating bond related to *all* charges. Nothing in the statue indicates that the clock stopped running when some charges against him were deemed invalid, an event that preceded the expiration of the 180-day period. The State did not request an extension of time,

---

[4] (Emphasis supplied.) *Hill v. State*, 309 Ga. App. 531, 533 (710 SE2d 667) (2011), citing *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

[5] Ga. L. 2006, p. 172 § 2/SB 135.

[6] *Hill*, supra at 534.

as allowed by the statute.[7] When the invalid portions of the first indictment were re-indicted out of time, they represented the State's failure to obtain the timely return of a true bill, as addressed in OCGA § 17-7-50.1 (b), which requires that the case then be transferred back to juvenile court.

While the State attempts to distinguish both *Hill*[8] and *Nunnally v. State*,[9] we find these arguments unpersuasive. In *Hill*, we found that because a juvenile was not indicted within 180 days, the superior court lost jurisdiction to enter judgment on the juvenile's guilty plea.[10] In *Nunnally*, we found that the trial court could not grant OCGA § 17-7-50.1's extension provision retroactively, and also found that "in application[,] OCGA § 17-7-50.1 is the same as our other laws that require that action be taken within a specific time or jurisdiction is lost."[11] Both cases support the statute's mandate that, absent an extension, charges against a juvenile *must* be

---

[7] OCGA § 17-7-50.1 (a) provides that "the superior court shall, upon motion for an extension of time . . . and [for] good cause shown, grant one extension of the 180 day period, not to exceed 90 additional days."

[8] Supra.

[9] Supra.

[10] *Hill*, supra at 534.

[11] *Nunnally*, supra at 559-561 (1).

6

presented to a grand jury within 180 days of the juvenile's detention or the superior court loses jurisdiction. We affirm.

2. The State argues that the trial court erred in granting Armendariz's plea in bar/statute of limitation because OCGA § 17-3-3 authorizes a time extension. OCGA § 17-3-3 provides that "[i]f an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, *or other applicable statute*, and is quashed . . . the limitation shall be extended six months from the time the first indictment is quashed."[12]

The State clings to the phrase "or other applicable statute," but presents no case law showing that OCGA § 17-7-50.1 qualifies as an "applicable statute," nor do we find any case law construing these statutes together. Further, OCGA § 17-3-3's six-month extension is in direct conflict with OCGA § 17-7-50.1 (a), which allows an extension "not to exceed 90 additional days." Additionally, OCGA § 17-7-50.1 deals specifically with juvenile dispositions; OCGA § 17-3-3 does not. We have held that "a specific statute will prevail over a general statute, absent any indication of a

---

[12] (Emphasis supplied.)

contrary legislative intent, to resolve any inconsistency between them."[13] The State's

argument fails.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[13] (Citation and punctuation omitted.) *Singletary v. State*, 310 Ga. App. 570, 571 n. 9 (713 SE2d 698) (2011), citing *Berry v. City of East Point*, 277 Ga. App. 649, 654 (6) (c) (627 SE2d 391) (2006).