**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**September 13, 2013**

# In the Court of Appeals of Georgia

A13A1019. EDWARDS v. THE STATE.

McMILLIAN, Judge.

This appeal presents an issue of first impression concerning the application of OCGA § 17-7-50.1 (a), specifically, whether the 180-day time limitation for the State to obtain an indictment is tolled when the accused is released on bond and is therefore no longer detained.

The underlying facts are not in dispute. On or about August 21, 2011, Jerod Edwards[1] was arrested for kidnapping and armed robbery by use of a firearm. Although Edwards was 16 years old at that time, the superior court had exclusive jurisdiction over his case pursuant to OCGA § 15-11-28 (2) (A) (vii) because he

---

[1] We use Edwards' name instead of his initials, which is our usual procedure when deciding cases involving a juvenile because Edwards turned 17 years old prior to the time this case was docketed in this court.

allegedly committed armed robbery with a firearm. A detention order was entered on August 25, 2011, and Edwards was initially detained at a Youth Detention Center in Thomasville, Georgia.

Edwards filed a petition to set bond on August 31, 2011, and bond was denied on September 21, 2011. Edwards filed another petition to set bond on December 5, 2011, and Edwards was released on bond on December 18, 2011.[2] Edwards was indicted on June 1, 2012, over 280 days after he was first detained.

On July 2, 2012, Edwards filed a motion to quash the indictment and transfer the case to juvenile court, based on the State's failure to obtain an indictment within 180 days of his detention as mandated by OCGA § 17-7-50.1. The superior court denied the motion after a hearing, reasoning that because Edwards' actual incarceration was less than the 180 days prescribed by OCGA § 17-7-50.1, the superior court retained jurisdiction. The superior court granted Edwards' request for a certificate of immediate review, Edwards filed an application for interlocutory appeal, which we granted, and Edwards then filed the present appeal. We now reverse

---

[2] By that time, Edwards had turned 17 years old and had been transferred to the Lowndes County Jail.

the superior court's denial of Edwards' motion to quash and direct that the case be transferred to the appropriate juvenile court.

OCGA § 17-7-50.1 (a) and (b) provide as follows:[3]

(a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-28 or 15-11-30.2, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.

(b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

Our starting mandate in cases involving statutory interpretation and application is well established.

In interpreting a statute, we must give effect to the legislature's intention, looking diligently for the intention of the General Assembly,

---

[3] We note that although this section has been amended effective January 1, 2014, Ga. L. 2013, p. 294, § 4-15/HB 242, to substitute "Code Section 15-11-560 or 15-11-561" for "Code Section 15-11-28 or 15-11-30.2," that change does not affect our analysis here, as the relevant wording of the statute remains unchanged.

keeping in view at all times the old law, the evil, and the remedy. To determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. We interpret a statute to give effect to the real legislative intent and meaning, however, and not so strictly as to defeat the legislative purpose.

(Citations and punctuation omitted.) *Hill v. State*, 309 Ga. App. 531, 533 (710 SE2d 667) (2011). Morever, where, as here, the case involves a criminal statute "if it is open to more than one reasonable interpretation, it must be construed strictly against criminal liability, and in favor of the individual facing criminal liability." (Citation and punctuation omitted.) Id.

Turning first to the language of the statute, we find that is plainly sets the triggering date for the 180-day time limitation as the "date of detention." OCGA § 17-7-50.1 (a). And nothing in the statute mandates that the defendant continue to be detained for the entire 180-day period. To the contrary, section 17-7-50.1 (a) refers to the child "who is detained," and the use of the present tense supports that the date of detention is a specific point in time, rather than an ongoing condition necessary for

the running of the 180-day time limitation. Moreover, this construction is consistent with the apparent intent of the statute, which is to provide a date certain for a detained child charged with specific felonies to expect an indictment.

Our existing case law also supports this interpretation. Since its enactment in 2006, very few cases have interpreted OCGA § 17-7-50.1 and neither of our appellate courts have addressed the issue of whether the 180-day time limit during which the State must present the case to the grand jury ceases to run if the juvenile is released on bail. But we find a review of these cases to be instructive.

In *Hill*, which was the first case to interpret OCGA § 17-7-50.1, this Court addressed the issue of when the 180-day time limit commences. We explicitly rejected the State's contention that the 180 days should be counted from the date of transfer to the superior court rather than the date of detention, finding that "the statute plainly adopts the date of detention, not the date of transfer, as the point from which the time is calculated[.] . . . OCGA § 17-7-50.1 (a)" *Hill*, 309 Ga. App. at 534-535. And because "[t]he statute further provides that the case '*shall be transferred* to the juvenile court" if an indictment is not obtained within the specified time[,]"(emphasis in original) id. at 533, we further found an indictment returned 300 days after Hill's detention should have been quashed, his case should have been transferred back to

5

juvenile court and, consequently, the superior court lacked jurisdiction to enter judgment on Hill's guilty plea. Id. at 533-534.

In *Nunnally v. State,* 311 Ga. App. 558 (716 SE2d 608) (2011), we extended the same reasoning to the question of whether the sole 90-day extension allowed by the statute must be requested *prior* to the running of the 180-day period, concluding that because the superior court loses jurisdiction once the 180-day period expires, an indictment returned after that period and the trial court's after-the-fact grant of an extension were unauthorized and void. Id. at 562 (1).

We confronted another issue of first impression in *In the Interest of C. B.*, 313 Ga. App. 778 (723 SE2d 21) (2012). In that case, as in the case at hand, the superior court was initially vested with exclusive jurisdiction over the case, see OCGA § 15-11-28 (b), but the case was not presented to the grand jury within 180 days of the juvenile's detention, and the superior court granted the motion to transfer her case to juvenile court. However, a short time later, the State, invoking the provisions of OCGA § 15-11-30.2, which provides the juvenile court with discretion to transfer a case to the superior court under certain specified circumstances, filed a motion to transfer the case back to the superior court. The juvenile court granted the motion,

6

and C. B. filed a direct appeal to this Court, as she was authorized to do under those circumstances. *In the Interest of C. B.*, 313 Ga. App. at 779, n. 2.

Citing *Hill* and *Nunnally,* we reversed, reiterating that the 180-day time limit is "plainly stated and mandatory," begins to run from the date the juvenile is detained, and applies equally whether the superior court is exercising jurisdiction under OCGA § 15-11-28 (b) or OCGA § 15-11-30.2. *Interest of C. B.*, 313 Ga. App. at 780. Thus, we concluded that "[i]t necessarily follows that anytime the superior court loses jurisdiction which was conferred by OCGA § 15-11-28 (b) because the State failed to obtain an indictment within 180 days of the date the juvenile was detained, the time will also have expired within which the State could procure an indictment if the superior court were proceeding under OCGA § 15-11-30.2. Thus, a transfer back to the superior court under those circumstances is pointless since an indictment returned by the grand jury would be void." Id. at 780.

Somewhat more similar to the case before us, in *State v. Armendariz*, 316 Ga. App. 394 (729 SE2d 538) (2012), we considered whether the 180 days was tolled when some of the charges pending against the accused were deemed invalid.

It is clear that OCGA § 17-7-50.1 (a)'s 180-day time clock began running when Armendariz was detained, as "the statute plainly adopts

7

the date of detention as the point from which the time is calculated." Nothing in the statute indicates that the clock stopped running when some charges against him were deemed invalid, an event that preceded the expiration of the 180-day period. The state did not request an extension of time, as allowed by the statute. When the invalid portions of the first indictment were re-indicted out of time, they represented the state's failure to obtain the timely return of a true bill, as addressed in OCGA § 17-7-50.1 (b), which requires that the case then be transferred back to juvenile court.

(Citation, punctuation and footnotes omitted.) Id. at 396 (1).

In this case, the superior court appears to have concluded that the clock stopped running on the 180-day time limit when Edwards was released on bail. And the State argues that the cases discussed above do not require a different result because in each of those cases the juvenile remained detained during the entire 180-day period. However, in our view, the rationale underpinning those cases is equally applicable here. Thus, just as in those cases, the statute's 180-day time limit during which the State had to obtain a true bill began to run when Edwards was detained, and there is nothing in the statute that abrogated the time limit once the clock started running. Equally clear, once the 180-day time limit expired without the case being presented to the grand jury and absent a motion to extend the time by the State, the

8

superior court lost jurisdiction over the case. As we explained in *Nunnally* "in application OCGA § 17-7-50.1 is the same as our other laws that require that action be taken within a specified time or jurisdiction is lost." *Nunnally*, 311 Ga. App. at 561 (1). Further, under the plain mandate of subsection (b) of the statute, once the grand jury failed to return a true bill within 180 days of the juvenile's detention, the only action the superior court was authorized to take was to transfer the case to the juvenile court and any indictment the grand jury returned after the 180 days was void.[4]

Accordingly, the superior court's order denying Edwards' motion to quash the indictment and transfer the case to juvenile court is vacated and the case is remanded to the superior court to transfer the case to the juvenile court for appropriate proceedings.

*Judgment vacated and case remanded with direction. Andrews, P. J., and Dillard, J., concur.*

---

[4] We note that the issue of what constitutes a "detention" within the meaning of OCGA § 17-7-50.1 was recently raised in an appeal to our Supreme Court, but that Court was required to dismiss the appeal without deciding that issue because the State did not have a right to bring a direct appeal from an order transferring the case to the juvenile court. *State v. Johnson*, 292 Ga. 409, 410-411 (738 SE2d 86) (2013).