**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 3, 2015**

# In the Court of Appeals of Georgia

A14A2176. WALKER v. THE STATE.

BARNES, Presiding Judge.

Kenzel Walker entered a negotiated plea of guilty to felony obstruction of an officer. He now appeals and contends that the superior court lacked jurisdiction to grant the State's motion for an extension of time in which to indict Walker and, thus erred in denying his transfer to juvenile court. Consequently, Walker further contends, the superior court lacked jurisdiction to accept his guilty plea, and he seeks to have his judgment of conviction vacated and the case returned to juvenile court. For the reasons that follow, we affirm.

On February 3, 2011, Walker, then fifteen years old and confined to the Eastman Youth Development Campus, was involved in an altercation with a guard at the facility. As a result of the altercation, on May 3, 2011, a complaint and petition was filed in juvenile court charging Walker with aggravated assault. The State filed

a motion to transfer the case to superior court, which, following a hearing, the juvenile court granted on August 2, 2011, the last date the State could indict Walker under OCGA § 17-7-50.1.[1]

On that same day, the State filed a motion for an extension time to indict Walker.[2] At the hearing on the motion, which was also held on August 2, Walker objected to the extension of time and argued that the superior court lacked jurisdiction to hear the motion because the juvenile court's transfer order had not yet been filed with the clerk. Walker further maintained that he had only a "five-minute" notice that the motion for an extension of time had been filed, and that the extension would impact his ability to appeal the juvenile court's final order transferring the case, should he decide to appeal the order. Thereafter, the trial court granted the State's motion, noting the limitations resulting from Dodge County only having three grand juries a year, and upon finding that a 90-day extension beyond the statutory period

---

[1] The motions and transcript from the juvenile court were not included with the record presented for our review. To the extent this omission impairs our review of Walkers' claims, the "appellant bears the burden of showing error affirmatively by the record." (Citation and footnote omitted.) *Benton v. State*, 286 Ga. App. 736 (649 SE2d 793) (2007).

[2] Although presumably filed in superior court, the motion for an extension of time to indict is also not included with the record.

2

would not prejudice Walker. Walker was subsequently indicted for aggravated assault on September 26, 2011. On September 26, 2013, Walker filed a motion for an automatic transfer back to juvenile court essentially asserting that, because he had not been indicted within 180 days and there was no valid order transferring the case to superior court, the superior court did not have jurisdiction to extend the indictment period beyond 180 days. The trial court denied the motion, and found that the transfer from juvenile court order had been filed before the superior court considered the State's motion for an extension of time. Subsequently, on February 24, 2014, Walker entered a negotiated plea to felony obstruction. This appeal ensued.

Walker contends that the superior court lacked jurisdiction to grant the State's motion for an extension of the 180 days in which to indict because the juvenile court's order was not signed and, thus, also lacked jurisdiction to accept Walkers's guilty plea.

OCGA § 17-7-50.1 provides:

(a) Any child who is charged with a crime that is within the jurisdiction of the superior court . . . who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one

3

extension to the original 180 day period, not to exceed 90 additional days.

(b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court. . . .

See *Edwards v. State*, 323 Ga. App. 864 (748 SE2d 501) (2013) (State must obtain indictment within specified time or superior court loses jurisdiction conferred). If the superior court lacked jurisdiction to enter its judgment on Walker's guilty plea, his claim under OCGA § 17-7-50.1 was not waived and the judgment of conviction on his plea could be vacated. See *Hill v. State*, 309 Ga. App. 531, 533 (710 SE2d 667) (2011).

The record reflects that at the hearing on the motion to transfer, Walker argued that the transfer order from the juvenile court had not been filed with the court clerk, although it had been "signed by the judge." The trial court responded that the order was in a file to be filed, and the issue could "be remedied in a matter of minutes," and directed someone to go get the clerk. The record is silent as to what then ensued in relation to the order, and no transfer order, filed or otherwise, is included with the

appellate record.[3] However, in its order granting the extension, the trial court found that "a valid transfer order had been filed into the record prior to the Court's consideration of the State's Motion for Extension of Time."

Given that Walker has failed to perfect the record by including in the record on appeal the transfer order which is complained, we must assume that the trial court's finding that a valid transfer order had been filed into the record before the superior court considered the State's Motion for Extension of Time is correct. "[W]hen a portion of the record which is necessary for our determination of one or more appellate issues is not before the court, the trial court's express or implicit ruling as to those issues must be affirmed." (Citation and punctuation omitted). *Portee v. State*, 277 Ga. App. 536, 537 (1) (a) (627 SE2d 63) (2006). Accordingly, under these circumstances, we find that, given the valid transfer under former OCGA § 15-11-30.2, the superior court had jurisdiction pursuant to OCGA § 17-7-50.1 (a) to grant

---

[3] See former OCGA § 15-11-30.2 relating to the transfer of juvenile proceedings to superior court. Ga. L. 2013, p. 294, § 1/HB 242, significantly revised Chapter 11 of Title 15, effective January 1, 2014, for juvenile proceedings commenced on or after that date. The provisions of the new code addressing the transfer of a juvenile to superior court for criminal trial are found in OCGA §§ 15-11-561, 15-11-562. The proceedings at issue occurred in 2011 and are thus addressed under the old juvenile code.

the State an extension of time to indict Walker, and further had jurisdiction to accept Walker's guilty plea. Compare *Hill v. State*, 309 Ga. App. at 533-534 (because case should have been transferred pursuant to OCGA § 17-7-50.1 (b), superior court erred in accepting guilty plea).

*Judgment affirmed. Boggs and Branch, JJ., concur.*