**FIRST DIVISION
DOYLE, C. J.,
PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 22, 2015**

# In the Court of Appeals of Georgia

A15A1272. THE STATE v. BAXTER.                                    DO-047 C

DOYLE, Chief Judge.

This case presents an issue of first impression concerning the application of OCGA §17-7-50.1, specifically, whether the 180-day time limitation for the State to obtain an indictment can be waived by a juvenile, thereby allowing the superior court to retain jurisdiction. For the reasons that follow, we conclude that the waiver was not valid and affirm the trial court's order transferring the case to the juvenile court.

On February 4, 2014, Baxter was arrested and taken into custody for one count of aggravated sexual battery. Although he was 16 years old at the time , the superior court had exclusive original jurisdiction over his case pursuant to OCGA § 15-11-560

(b) (7).[1] On March 13, 2014, counsel for Baxter and the State met in chambers to discuss the case. The meeting was not transcribed, but during a December 2014 hearing on the State's Motion to Perfect the Record, the Assistant District Attorney testified that there was some discussion about whether Baxter's case could be transferred to juvenile court after indictment, and as a result of those discussions, counsel for Baxter indicated that his client would waive the 180-day time limit for indictment.

On March 17, 2014, the day Baxter's case was scheduled to go before the grand jury, Baxter's counsel filed a "Waiver of Statutory Right to Indictment Within 180 Days," which stated:

> Comes now the defendant in the above-styled case and being confined in the Claxton RYDC, waives his right to indictment in said case by a grand jury during the March 17, 2014 term within 180 days of his arrest in return for additional time for investigation by both the State and Defense.

As a result, Baxter's case was not presented to the grand jury.

---

[1] Pursuant to OCGA § 15-11-560 (b), "[t]he superior court shall have exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed [certain] offenses," including aggravated sexual battery.

On October 15, 2014, Baxter filed a motion to transfer the case to juvenile court pursuant to OCGA § 17-7-50.1, which provides:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-560 or 15-11-561, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.

> (b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

In response, on October 16, 2014, the State filed a motion for an extension of time to present the case to the grand jury pursuant to OCGA § 17-7-50.1 (a).

The superior court granted Baxter's motion to transfer the case to juvenile court because the time limit set forth in OCGA § 17-7-50.1 (a) had expired without the case being presented to the grand jury. The court also denied the State's motion for extension of time. The State appeals the superior court's order granting Baxter's motion to transfer his case to juvenile court.

3

Initially, we note that the interpretation of a statute is a question of law, which is reviewed de novo on appeal.[2]

> In interpreting a statute, we must give effect to the legislature's intention, looking diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy. To determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. We interpret a statute to give effect to the real legislative intent and meaning, however, and not so strictly as to defeat the legislative purpose.[3]

The plain language of OCGA § 17-7-50.1 (a) provides that a child charged with a crime within the superior court's jurisdiction "who is detained *shall* within 180 days of detention be entitled to have the charge against him or her presented to the grand jury."[4] The statute also provides that if the grand jury does not indict the detained

---

[2] *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

[3] (Citations and punctuation omitted.) *Hill v. State*, 309 Ga. App. 531, 533 (710 SE2d 667) (2011).

[4] Emphasis supplied.

4

child within the specified time, "the detained child's case *shall* be transferred to the juvenile court."[5]

Here, Baxter's case was not presented to the grand jury within 180 days of his detention. Under the plain language of the statute, it was therefore mandatory that the case be transferred to the juvenile court.[6] In addition, the State's motion for an extension of time was untimely because it was filed more than 180 days after Baxter was detained. An extension of the 180-day time limit must be sought and granted before the time limit expires or the superior court loses jurisdiction over the case.[7]

We now consider whether the waiver of the 180-day time limit, which was filed before the time limit expired, was valid. We conclude that it was not.

The statute sets forth the time limitations for presenting the case to the grand jury and the appropriate procedure to follow if additional time is needed. The extension of time is limited to one extension of an additional 90 days, not the potentially unlimited extension that would occur if the waiver was enforced. Although the case law interpreting OCGA § 17-7-50.1 is sparse, we consistently have

---

[5] Emphasis supplied.

[6] See id. at 533-534.

[7] See *Nunnally v. State*, 311 Ga. App. 558, 559-561 (1) (716 SE2d 608) (2011).

5

upheld the statute's mandate that, absent an extension, an indictment must be obtained within 180 days of the juvenile's detention or the superior court loses jurisdiction over the case.[8] The plain language of the statute indicates that the legislature intended to set time limitations for the State to act in those situations in which a juvenile is detained, and the superior court is exercising jurisdiction over the case pursuant to OCGA § 15-11-560 (b). Those time limitations would be eviscerated if Baxter's waiver is enforced.[9] Once those time limitations have expired without the

---

[8] See *Edwards v. State*, 323 Ga. App. 864, 868 (748 SE2d 501) (2013) (180-day limitation for State to obtain an indictment is not tolled when accused is released on bond; once 180-day time limit expired without case being presented to grand jury and absent motion to extend time by the State, superior court lost jurisdiction over case); *State v. Armendariz*, 316 Ga. App. 394, 396-397 (1) (729 SE2d 538) (2012) (180-day period was not tolled when, prior to the expiration of the period, some of the charges against the accused were deemed invalid); *Nunnally*, 311 Ga. App. at 561 (1) (when specified time limitation authorizing jurisdiction is exceeded, trial court loses jurisdiction over case); *Hill*, 309 Ga. App. at 533-535 (juvenile court lacked jurisdiction at time juvenile was indicted, approximately 300 days after his detention began).

[9] See *In the Interest of C. B.*, 313 Ga. App. 778, 780-781 (723 SE2d 21) (2012) (juvenile court could not negate statutory time limitations by transferring case back to superior court after superior court transferred case to juvenile court based on State's failure to indict juvenile within 180 days of detention).

6

juvenile being indicted, the only action the superior court is authorized to take is to transfer the case to the juvenile court, as the superior court did here.[10]

Our holding is in keeping with the general rule that parties may not create subject matter jurisdiction in a court by consent.[11] Although the superior court had exclusive original jurisdiction over Baxter's case, it could not unilaterally extend that jurisdiction indefinitely, contravening the plain language of the statute.[12]

The State contends that the 180-day requirement found in OCGA § 17-7-50.1 does not affect jurisdiction in any way because it is merely a statute of limitation, which is subject to waiver. As the State points out,

[a] defendant may waive rights which exist for his own benefit, but he may not waive those which belong to the public generally. . . . As the

---

[10] See *Edwards*, 323 Ga. App. at 868.

[11] See OCGA § 15-1-2; *Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007) (disapproving language suggesting that parties can confer subject matter jurisdiction on a court by agreement).

[12] See generally *In the Interest of D. B.*, 187 Ga. App. 3, 4-5 (2) (369 SE2d 498) (1988) (construing statute mandating that juvenile court conduct a hearing prior to transferring a juvenile to another court for treatment as an adult criminal defendant, the court held that juvenile had no absolute right to waive juvenile court jurisdiction; transfer could be made only after juvenile court conducted hearing and made specific findings).

7

protection afforded by statutes of limitation is statutory in origin, does not affect the court's jurisdiction, and is personal to an individual defendant, it is comparable to the speedy trial provisions of OCGA § 17–7–171, which can be waived.[13]

The crucial distinction here is that the 180-day requirement does affect the court's jurisdiction – if the State does not present a juvenile's case to the grand jury within the time limit or obtain a timely extension to do so, the superior court loses jurisdiction.

The State also contends that it detrimentally relied on the waiver, causing it to forbear in bringing the case before the grand jury, and that Baxter potentially acted in bad faith by agreeing to the waiver and then seeking a transfer to juvenile court. Although we are sympathetic to the State's position in this case, the State was well aware of the mandatory time limitations set forth in the statute and was not precluded from seeking an extension of time to present the case to the grand jury. Further, there is no evidence in the record of bad faith by Baxter.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*

---

[13] (Punctuation omitted.) *Vaughn v. State*, 324 Ga. App. 289, 292 (750 SE2d 375) (2013).