S16G0184. THE STATE v. BAXTER.
(794 SE2d 49)

BLACKWELL, Justice.

This case concerns the meaning of OCGA § 17-7-50.1, subsections (a) and (b)[1] of which provide as follows:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-560 or 15-11-561, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.
>
> (b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case

---

[1] Subsection (c) is not pertinent to this case.

> shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

In February 2014, Jason Dakota Baxter — who then was sixteen years of age — was arrested and charged with aggravated sexual battery, a crime of which the superior court has exclusive original jurisdiction pursuant to OCGA § 15-11-560 (b) (7). Baxter was detained pending indictment and trial. About a month after his arrest, Baxter — represented by counsel — executed a written waiver of his entitlement to have his case presented to the grand jury within 180 days, and Baxter and the State filed the waiver with the superior court.[2] In October 2014, however, Baxter filed a motion to transfer his case to juvenile court, asserting that his case had not been timely presented to the grand jury as required by OCGA § 17-7-50.1 and that his waiver was ineffective. The superior court granted the motion, and the State appealed.[3] In *State v. Baxter*, 333 Ga. App. 849 (777 SE2d 696) (2015), the Court of Appeals affirmed, reasoning that presentation to the grand jury within 180 days of detention is absolutely required (unless the time is extended by the superior court for good cause), that such presentation is essential to the jurisdiction of the superior court, and that parties cannot by agreement, consent, or waiver confer jurisdiction upon a court that otherwise is without it. See 333 Ga. App. at 851-853. We issued a writ of certiorari to review the decision of the Court of Appeals, and we now reverse.

In our view, the Court of Appeals went astray when it understood OCGA § 17-7-50.1 (a) to absolutely require presentation to the grand jury within 180 days of detention (unless the time is extended by the superior court for good cause). As we have explained before, when we consider the meaning of a statute, "we presume that the General Assembly meant what it said and said what it meant." *Jackson v. Sanders*, 299 Ga. 332, 334 (788 SE2d 387) (2016). Here, OCGA § 17-7-50.1 (a) does not say that a charge "shall be presented" within 180 days. Instead, it provides that the detained child "shall . . . be entitled" to have it presented within 180 days. The use of the term "entitle," without more, "does not imply that the object is automatically given to the recipient." *State v. Helffrich*, 846 P2d 151, 155 (D) (1) (Ariz. App. 1992). To the contrary, when it is said that someone is "entitled" to something, it most commonly is understood to mean that

---

[2] The written waiver recited that Baxter executed the waiver "in return for additional time for investigation by both the State and [d]efense."

[3] The State appealed by way of a notice of appeal, see OCGA §§ 5-7-1 (a) (7), 5-7-2 (b) (2), and it filed a motion for supersedeas with the Court of Appeals to stay proceedings in the juvenile court pending appeal. The Court of Appeals granted that motion.

the person in question has a personal legal right to it. See Black's Law Dictionary, p. 649 (10th ed. 2014) ("entitle" means "[t]o grant a legal right to"). But personal legal rights (even those guaranteed by the Constitution) generally can be relinquished. Even assuming that the right to prompt presentation under OCGA § 17-7-50.1 (a) is a right that can only be lost by way of an affirmative and intentional waiver (as opposed to a forfeiture), see, e.g., *Hill v. State*, 290 Ga. 493, 494-495 (2) (722 SE2d 708) (2012), there was an express waiver here.

That OCGA § 17-7-50.1 (a) permits the superior court to extend the time for presentation only once and for not more than 90 days does not alter our view of the statute. Altogether, subsection (a) provides by its plain terms that a detained child has a right to have the prosecuting attorney present his case to the grand jury within 180 days. If the prosecuting attorney requires more time, the prosecuting attorney can move for an extension of time. Upon such a motion and for good cause shown, the superior court can grant the State up to 90 additional days, notwithstanding the right of the detained child to prompt presentation. But even with an extension, the child is entitled to have his case presented no later than 270 days after his detention. That does not, however, prohibit the child from simply choosing to forgo prompt presentation.[4]

Viewing the statute in this light, a waiver of prompt presentation — at least so long as it is executed prior to the expiration of the time in which the child is otherwise entitled to have the case presented — does not amount to an improper attempt to confer jurisdiction upon the superior court by agreement or consent. See OCGA § 15-1-2; *Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007). To the contrary, the superior court starts out with exclusive original jurisdiction in cases in which a teenaged child is charged with aggravated sexual battery, see OCGA § 15-11-560 (b) (7), and it is divested of that jurisdiction (and must transfer the case to juvenile court) only "[i]f the grand jury does not return a true bill against the detained child within the time limitations set forth in [OCGA § 17-7-50.1 (a)]." OCGA § 17-7-50.1 (b). See also *Edwards v. State*, 323 Ga. App. 864, 868 (748 SE2d 501) (2013) (180-day time limit was not tolled when the

---

[4] Indeed, in some cases, there may be good reasons for a detained child to consider forgoing a prompt presentation to the grand jury. Under OCGA § 15-11-560 (d), the district attorney may — after investigation, for cause, and *prior to indictment* — simply elect to proceed with charges in the juvenile court, notwithstanding that the superior court otherwise has exclusive original jurisdiction of the charged offenses. After indictment, the circumstances in which a case can be transferred to juvenile court are more limited. See, e.g., OCGA § 15-11-560 (e) (1), (f). To the extent that more time for investigation might lead to the discovery of facts that would cause the district attorney to elect to proceed in juvenile court, it may be in the interest of a detained child to forgo prompt presentation.

accused was released on bail, and superior court lost jurisdiction once that time limit expired without the case being presented to grand jury, absent a motion by the State to extend the time); *State v. Armendariz*, 316 Ga. App. 394, 397 (1) (729 SE2d 538) (2012) (the clock did not stop running when some charges were deemed invalid, and superior court lost jurisdiction when the 180-day period expired without an extension); *In the Interest of C. B.*, 313 Ga. App. 778, 780 (723 SE2d 21) (2012) (superior court lost jurisdiction when 180-day time limitation expired, and juvenile court could not transfer the case back to superior court, as any subsequent indictment would be void); *Nunnally v. State*, 311 Ga. App. 558, 561 (1) (716 SE2d 608) (2011) (once the 180-day time period expired without an extension, the superior court lost jurisdiction of the case, and the grand jury lost authority to indict); *Hill v. State*, 309 Ga. App. 531, 532-535 (710 SE2d 667) (2011) (superior court lacked jurisdiction when the juvenile was indicted because the 180-day time limit had expired long before). If the child waives prompt presentation before the time has expired, the condition that divests the superior court of jurisdiction — the expiration of the time — never comes into being. Put another way, the jurisdiction of the superior court falls away only when the clock runs out, but so long as the clock is running, the child may agree to stop it.

The Court of Appeals misunderstood OCGA § 17-7-50.1 when it concluded that the statute does not permit a detained child to waive presentation within 180 days of the date of detention. For that reason, the Court of Appeals erred when it affirmed the transfer from the superior court to the juvenile court. Accordingly, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Tom Durden, District Attorney, Sandra Dutton, Assistant District Attorney*, for appellant.
*Cheryl C. Quick, Catherine G. DeRoth*, for appellee.