306 Ga. 529
FINAL COPY

S19A0603.  THE STATE v. COLEMAN.

MELTON, Chief Justice.

On February 17, 2016, Vas Coleman was arrested at his home in Huntsville, Alabama on charges related to the 2015 death of Jose Greer in Fulton County, Georgia.  Although Coleman was sixteen years old at the time of his arrest, the Fulton County Superior Court had exclusive jurisdiction over his case pursuant to OCGA § 15-11-560 (b) (1) as he was accused of murder.  After his arrest, Coleman was held at the Fulton County Youth Detention Center until he was granted a bond on March 24, 2016, and subsequently released.

On April 8, 2016, Coleman was indicted by a Fulton County grand jury, along with his four co-defendants, for felony murder and burglary in relation to Greer's death.  Almost two years later, on March 20, 2018, Coleman and his co-defendants were re-indicted on the same charges.  After the State nolle prossed the April 2016 indictment, Coleman filed a motion to transfer his case to juvenile

court, arguing that, because the March 2018 indictment was returned outside the 180-day time limit set by OCGA § 17-7-50.1, the Superior Court no longer had jurisdiction.[1]

Relying on the Court of Appeals' decisions in *Edwards v. State*, 323 Ga. App. 864 (748 SE2d 501) (2013) and *State v. Armendariz*, 316 Ga. App. 394 (729 SE2d 538) (2012), the trial court granted Coleman's motion to transfer. The State appeals, arguing that the trial court granted the motion in error. For the reasons discussed below, we agree and reverse the trial court's transfer order.

In statutory interpretation cases such as this, it is well settled that "[a] statute draws its meaning . . . from its text." (Citation omitted.) *Chan v. Ellis*, 296 Ga. 838, 839 (1) (770 SE2d 851) (2015). When interpreting a statute, we must give the text its plain and ordinary meaning, view it in the context in which it appears, and read it in its most natural and reasonable way. See *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (751 SE2d 337) (2013). "For context, we

---

[1] Regardless of which indictment we consider, as explained below, Coleman was not detained for 180 days prior to the State presenting his case to the grand jury.

may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." (Citation and punctuation omitted). *Zaldivar v. Prickett*, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015). When we construe such statutory authority on appeal, our review is de novo. *Hankla v. Postell*, 293 Ga. 692, 693 (749 SE2d 726) (2013). With these principles in mind, we turn to the statutory text in question.

OCGA § 17-7-50.1[2] provides:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-560 or 15-11-561, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.

> (b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained

---

[2] This Code section was enacted by the General Assembly in 2006. See Ga. L. 2006, p. 172.

> child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

. . .

In granting Coleman's motion to transfer, the trial court noted that the phrase "who is detained" within OCGA § 17-7-50.1 (a) has been interpreted by the Court of Appeals to mean that "the date of detention is a specific point in time, rather than an ongoing condition necessary for the running of the 180-day time limitation." *Edwards*, 323 Ga. App. at 866. Indeed, in *Edwards*, the Court of Appeals determined that "nothing in the statute mandates that the defendant continue to be detained for the entire 180-day period." Id. We respectfully disagree.

Turning to the language of OCGA § 17-7-50.1, the statute entitles a child "who is detained" on criminal charges within the jurisdiction of the superior court to have those criminal charges presented to a grand jury within 180 days "of the date of detention." Id. at (a). If the grand jury does not return a true bill "against the detained child" within 180 days, then the superior court must

4

transfer "the detained child's case" to juvenile court. While the statute does not define the word "detained," Webster's New World College Dictionary defines "detain" as "to keep in custody; confine." Webster's New World College Dictionary 392 (4th ed. 2007). See also Black's Law Dictionary 459 (7th ed. 1999) (defining "detain" and "detention" as "[t]he act or fact of holding a person in custody; confinement or compulsory delay"). It logically follows that, if a child is released on bond or otherwise, they are no longer "detained" within the meaning of the statute.

The General Assembly enacted the relevant phrase "who is detained" in the present tense. And while the "date of detention" refers to one specific point in time, the phrases "detained child" and "who is detained" describe a required condition or state of confinement the child must be in for the 180-day time limitation to apply. Accordingly, pursuant to the plain language of the statute, and contrary to the Court of Appeals' decision in *Edwards*, a child must be detained in order for the 180-day time limitation to run.

Further supporting this conclusion is our prior interpretation

5

of OCGA § 17-7-50.1's companion statute, OCGA § 17-7-50,[3] which

addresses the same issue of ensuring timely indictment of confined

adults. Indeed, we have said that OCGA § 17-7-50 applies only to

unindicted, pre-trial adult detainees who are held in custody for 90

days. See *Tatis v. State*, 289 Ga. 811 (716 SE2d 203) (2011) ("OCGA

§ 17-7-50 ensures that a person . . . who has been confined since his

arrest[ ] has his case presented to the grand jury within 90 days of

arrest or has bail set by the trial court upon the arrestee's motion

after the expiration of the 90-day period"); *State v. English*, 276 Ga.

343 (3) (578 SE2d 413) (2003); *Rawls v. Hunter*, 267 Ga. 109 (1) (475

---

[3] Any person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him or her heard by a grand jury having jurisdiction over the accused person; provided, however, that if the person is arrested for a crime for which the death penalty is being sought, the superior court may, upon motion of the district attorney for an extension and after a hearing and good cause shown, grant one extension to the 90 day period not to exceed 90 additional days; and, provided, further, that if such extension is granted by the court, the person shall not be entitled to have the charge against him or her heard by the grand jury until the expiration of such extended period. In the event no grand jury considers the charges against the accused person within the 90 day period of confinement or within the extended period of confinement where such an extension is granted by the court, the accused shall have bail set upon application to the court.

SE2d 609) (1996); *Burke v. State*, 234 Ga. 512 (5) (216 SE2d 812) (1975), overruled on other grounds by *Hutchins v. State*, 284 Ga. 395 (667 SE2d 589) (2008).

Reading the statute in its most natural and reasonable way, we conclude that the 180-day time limitation in OCGA § 17-7-50.1 does not apply to a juvenile who is released and remains on bond prior to the running of 180 days. Based on the foregoing, we overrule *Edwards*, and further conclude that the trial court erred in transferring Coleman's case to the juvenile court.

*Judgment reversed. All the Justices concur, except Peterson, J., not participating.*

DECIDED AUGUST 19, 2019.
OCGA § 17-7-50.1; transfer order. Fulton Superior Court. Before Judge Millender.

*Paul L. Howard, Jr.*, District Attorney, *Lyndsey H. Rudder, Dustin J. Lee, Teri B. Walker*, Assistant District Attorneys; *Christopher M. Carr*, Attorney General, *Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Tanya F. Miller*, for appellee.