**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**November 19, 2025**

# In the Court of Appeals of Georgia

A25A1989. IN THE INTEREST OF G. D., a child.

BROWN, Chief Judge.

G. D., a juvenile, appeals from a juvenile court's order transferring to superior court a petition alleging that G. D. committed six criminal offenses, including two counts of felony homicide by vehicle in the first degree. G. D. contends that the trial court erred in transferring the case because no written report was prepared by a probation officer or community supervision officer 24 hours before the transfer hearing in violation of OCGA § 15-11-562 (b). We disagree and affirm.

When considering an order transferring a case from juvenile court to superior court on appeal, "the function of this Court is limited to ascertaining whether there was some evidence to support the juvenile court's determination, and absent an abuse of discretion, we will affirm the order transferring jurisdiction." (Citation and

punctuation omitted.) *In the Interest of K. S.*, 348 Ga. App. 440, 441 (823 SE2d 536) (2019). OCGA § 15-11-562 (b), the provision at issue here, provides:

> A probation officer,[1] or community supervision officer,[2] *as applicable*, shall prepare a written report developing fully all available information relevant to the transfer criteria. Such officer shall submit such report to the parties and the court as soon as practicable but not later than 24 hours before the scheduled hearing. The child subject to transfer and the prosecuting attorney shall have the right to review such report and cross-examine the individual making such report.

(Emphasis supplied.)

In support of the juvenile court's transfer order, the State asserts that the italicized language above makes provision for a case like this one where the child does not have an assigned probation officer or community supervision officer because the juvenile has no prior adjudicatory record with the Department of Juvenile Justice. In

---

[1] The Juvenile Code defines "[p]robation officer" as "any personnel of a juvenile court or staff of [the Department of Juvenile Justice] to whom are delegated the duties of a probation officer under this chapter. . . ." OCGA § 15-11-2 (58).

[2] "Community supervision officer" is defined as "an individual employed by the Department of Community Supervision who supervises probationers who were adjudicated for committing a Class A designated felony act or Class B designated felony act, placed in restrictive custody, and released from such custody." OCGA § 15-11-2 (13.1).

its view, G. D.'s lack of a prior record renders the requirement of a written report inapplicable. In the alternative, it asserts that G. D. waived the absence of the written report by failing to object below, that G. D. cannot show error in the trial court's consideration of the transfer factors as set forth in OCGA § 15-11-562 (a) and makes no attempt to do so, that the transfer factors do not include consideration of the OCGA § 15-11-562 (b) written report, and that G. D. has made no attempt to show harm from the absence of the written report.

The record shows that the juvenile court heard testimony from eight witnesses in the transfer hearing and that during cross-examination of a Department of Juvenile Justice employee, G. D.'s counsel established that no report for the transfer of the case to superior court had been prepared. At no point during the hearing did G. D.'s counsel object to the lack of the written report or seek a continuance until it could be prepared. Therefore, assuming without deciding that such a report was required to be submitted no less than 24 hours before the transfer hearing under OCGA § 15-11-562 (b), G. D. has waived his right to assert error for any violation of this Code section. See *State v. Baxter*, 300 Ga. 268, 269-270 (794 SE2d 49) (2016).

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*