662 S.E.2d 823 (2008)
In the Interest of C.G., a child.
No. A08A1135.
Court of Appeals of Georgia.
June 2, 2008.
*824 Allen M. Trapp, Jr., Carrollton, for appellant.
Peter J. Skandalakis, District Attorney, for appellee.
ELLINGTON, Judge.
The Juvenile Court of Carroll County transferred delinquency proceedings concerning C.G. to the Superior Court of Carroll County pursuant to OCGA § 15-11-30.2. C.G. appeals,[1] contending that the superior court lacks subject matter jurisdiction over the charge of involuntary manslaughter and that an earlier order transferring the case from the superior court to the juvenile court barred relitigation of the transfer issue. Finding no error, we affirm.
The record shows the following. On April 26, 2004, an eight-year-old girl, A.Y., was found dead in a wooded area near her home; she had been strangled. C.G., who was 16 years old on the date of A.Y.'s death, later confessed to killing her. On November 3, 2006, the district attorney for the Coweta Judicial Circuit indicted C.G. for involuntary manslaughter in connection with A.Y.'s death.[2] On July 31, 2007, the superior court *825 transferred the case to the juvenile court pursuant to OCGA § 15-11-30.4,[3] after concluding that the superior court had neither exclusive nor concurrent jurisdiction over the matter under OCGA § 15-11-28(b).[4] On December 19, 2007, the juvenile court held a hearing on, and subsequently granted, the State's motion to transfer the case to the superior court pursuant to OCGA § 15-11-30.2.
1. C.G. contends that the superior court lacks subject matter jurisdiction over the case because the superior court has neither exclusive nor concurrent jurisdiction under OCGA § 15-11-28(b) over a child who is alleged to have committed involuntary manslaughter. As a result, C.G. contends, the juvenile court erred in transferring the case to the superior court. In effect, C.G. argues that a juvenile court lacks any authority to transfer to the superior court a case which falls within the juvenile court's exclusive jurisdiction, as set out in OCGA § 15-11-28(a)(1)(A).[5] This is incorrect.
OCGA § 15-11-30.2 specifically authorizes a juvenile court to transfer to the superior court an offense "which is designated a crime or public offense under the laws, including local ordinances," many of which will necessarily fall within the juvenile court's exclusive jurisdiction, under certain circumstances and provided that certain procedures are followed.[6] In addition to the procedural requirements that such a transfer take place before a hearing on the merits in the juvenile court and after notice and a hearing,[7] OCGA § 15-11-30.2(a)(3) provides that such a transfer can take place only if the juvenile court determines there are reasonable grounds to believe that:
(A) The child committed the delinquent act alleged;
(B) The child is not committable to an institution for the mentally retarded or mentally ill; and
(C) The interests of the child and the community require that the child be placed under legal restraint and the transfer be made[.]
Furthermore, the statute applies only to older children.[8] As summarized by one commentator:

*826 If the juvenile's alleged delinquent act was not the offense of murder, voluntary manslaughter, aggravated assault, or aggravated battery that was committed while the juvenile was confined to a youth development center, the court may transfer the case to the appropriate court having jurisdiction of the offense as provided by OCGA § 15-11-30.2(a).
(Emphasis in original.) Mark H. Murphy, Ga. Juvenile Practice & Procedure § 9:14 (5th ed. 2008). Thus, while a charge of involuntary manslaughter against a 16-year-old may not be initiated in the superior court, such a charge may be prosecuted in the superior court upon a proper transfer from the juvenile court pursuant to OCGA § 15-11-30.2(a).
Assuming that the substantive requirements of OCGA § 15-11-30.2(a)(3) were met, which C.G. has not challenged, the superior court was authorized to exercise jurisdiction over the matter. In the Interest of J.N.B., 263 Ga. 600(1), 436 S.E.2d 202 (1993); In the Interest of J.H., 260 Ga. 447, 449(1), 396 S.E.2d 885 (1990); In the Interest of S.K.K., 280 Ga.App. 877, 878-880(1), (2), 635 S.E.2d 263 (2006).
2. C.G. contends that, because the case had been transferred from the superior court to the juvenile court, the doctrine of res judicata prohibited the subsequent transfer of the case from the juvenile court back to the superior court. Pretermitting whether the doctrines of res judicata or collateral estoppel apply in this context, the record establishes that the only issue that was necessarily determined when the superior court transferred the matter to the juvenile court[9] was that transfer was required under OCGA § 15-11-30.4 because C.G. was not alleged to have committed murder, voluntary manslaughter, rape, aggravated sodomy, aggravated child molestation, aggravated sexual battery, or armed robbery with a firearm, or a delinquent act for which he could be punished by loss of life or life imprisonment. OCGA § 15-11-28(b). The superior court did not consider and determine the multiple factors underlying the juvenile court's transfer under OCGA § 15-11-30.2, such as whether the interests of C.G. and the community required that the case be transferred to the superior court where C.G. could be tried as an adult. Because the juvenile court proceedings under OCGA § 15-11-30.2 did not constitute relitigation of issues previously litigated and determined in the superior court, C.G.'s argument fails.
Judgment affirmed.
BLACKBURN, P.J., and MILLER, J., concur.
NOTES
[1] "An order transferring a case from juvenile to superior court [in delinquency proceedings] is a final order and directly appealable." (Citation omitted.) Rivers v. State, 229 Ga.App. 12, 13, 493 S.E.2d 2 (1997).
[2] Although C.G. was 18 years old by then, "the juvenile court has jurisdiction if the accused is under the age of seventeen at the time the offense is committed." (Citations and punctuation omitted.) In the Interest of J.T.D., 242 Ga.App. 243, 529 S.E.2d 377 (2000). His "age at the time of his adjudicatory hearing is not determinative of the juvenile court's jurisdiction over him." Id.
[3] OCGA § 15-11-30.4 provides,

[i]f it appears to any court in a criminal proceeding or a quasi-criminal proceeding that the defendant is a child, except in cases where the superior court has exclusive or concurrent jurisdiction as provided in subsection (b) of Code Section 15-11-28, the case shall forthwith be transferred to the juvenile court together with a copy of the accusatory pleading and all other papers, documents, and transcripts of testimony relating to the case.
[4] OCGA § 15-11-28(b) provides, in pertinent part:

(1) Except as provided in paragraph (2) of this subsection, the [juvenile] court shall have concurrent jurisdiction with the superior court over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution.
(2)(A) The superior court shall have exclusive jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed any of the following offenses:
(i) Murder;
(ii) Voluntary manslaughter;
(iii) Rape;
(iv) Aggravated sodomy;
(v) Aggravated child molestation;
(vi) Aggravated sexual battery; or
(vii) Armed robbery if committed with a firearm.
See also OCGA § 16-5-3 (the maximum sentence for involuntary manslaughter is ten years in prison).
[5] OCGA § 15-11-28(a)(1)(A) provides, "[e]xcept as provided in subsection (b) of this Code section, the [juvenile] court shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action [c]oncerning any child [w]ho is alleged to be delinquent[.]"
[6] See Mark H. Murphy, Ga. Juvenile Practice & Procedure §§ 9:3; 9:14 (5th ed. 2008).
[7] OCGA § 15-11-30.2(a)(1), (2).
[8] A case may be transferred to the superior court if the child "[w]as at least 15 years of age at the time of the alleged delinquent conduct; or . . . [w]as 13 or 14 years of age and either committed an act for which the punishment is loss of life or confinement for life in a penal institution or committed aggravated battery resulting in serious bodily injury to a victim." OCGA § 15-11-30.2(a)(4).
[9] The doctrine of collateral estoppel does not bar a prosecution unless the issues of fact central to that prosecution were necessarily determined in the former trial. Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue.

(Citations and punctuation omitted; emphasis in original.) Phillips v. State, 272 Ga. 840, 842, 537 S.E.2d 63 (2000).