A11A1159. NUNNALLY v. THE STATE.

(716 SE2d 608)

McFADDEN, Judge.

After the grant of an interlocutory appeal, Jihad Kabir Nunnally appeals the trial court's denial of his motion to quash his indictment and to transfer his case to the juvenile court for disposition. He contends the trial court erred by refusing to transfer his case to juvenile court because OCGA § 17-7-50.1 required that he be indicted within 180 days after he was detained or that his case be transferred. As OCGA § 17-7-50.1 mandates the transfer of Nunnally's case to juvenile court, we must vacate the order of the trial court.

The record shows that Nunnally was arrested on October 2, 2009, for aggravated assault, armed robbery with a firearm, and possession of a firearm during the commission of a felony. Although he was 16 years old at the time, the superior court had jurisdiction over Nunnally's case because he allegedly committed armed robbery with a firearm. See OCGA § 15-11-28 (b) (2) (A) (vii).

Nunnally turned 17 years old on December 28, 2009, after which he was transferred to the county jail. On May 4, 2010, 214 days after his arrest, Nunnally was indicted for aggravated assault, armed robbery with a firearm, and possession of a firearm during the commission of a felony. On July 6, 2010, Nunnally moved to quash the indictment and transfer his case to the juvenile court because he was not indicted within 180 days of his detention as required by OCGA § 17-7-50.1.

More than two months later, on September 23, 2010, the State responded to Nunnally's motion by asking the trial court to grant a retroactive extension of time in which to file the indictment. This request was made 176 days after the 180-day period prescribed in

OCGA § 17-7-50.1 (a) had ended, and 356 days after Nunnally's arrest.

Nevertheless, on October 20, 2010, more than a year after Nunnally was detained and 226 days after the expiration of the 180-day period prescribed in OCGA § 17-7-50.1, the trial court denied Nunnally's motion to quash and implicitly granted the State's motion for an out-of-time extension. The court reasoned that the grand jury returned its indictment within 90 days of the expiration of the original 180-day period, and that "if the [S]tate had requested a 90 day extension of time, it would have been granted." Thus, granting a retroactive extension, the trial court deemed the indictment timely and denied Nunnally's motion. The trial court issued a certificate of immediate review, and after Nunnally's application for an interlocutory appeal was granted, this appeal followed. He remains in jail.

1. This court has previously held that

> [t]he plain language of [OCGA § 17-7-50.1] provides that a child within superior court jurisdiction "*shall* within 180 days of the *date of detention* be entitled to have the charge against him or her presented to the grand jury." The statute further provides that the case "*shall be transferred* to the juvenile court" if an indictment is not obtained within the specified time.

(Emphasis in original.) *Hill v. State*, 309 Ga. App. 531, 533 (710 SE2d 667) (2011). Thus, because Hill was not indicted within 180 days of his detention, "[u]nder the plain language of the statute, it was mandatory that the case be transferred back to the juvenile court. OCGA § 17-7-50.1 (b)." Id. at 533-534.

This appeal differs from *Hill*, because in this case the State sought and obtained an after-the-fact extension of time. Thus, the question becomes whether this can be done. Nunnally contends that the State was not entitled to obtain an extension of time after the original 180-day indictment period expired. As this issue turns on proper interpretation of OCGA § 17-7-50.1, it "is a question of law, which is reviewed de novo on appeal. [Cit.]" *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

Although the legislature did not specify whether an extension of time contemplated by OCGA § 17-7-50.1 (a) must be requested before the 180-day period expired, and no case law resolves the question, the wording of the Code section makes it clear that the extension cannot be granted after the time limit established in the

Code section has expired. In relevant part, OCGA § 17-7-50.1 provides:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-28 or 15-11-30.2, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.
>
> (b) *If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.*
>
> . . .

(Emphasis supplied.)

Subsection (b) of this Code section states that if the indictment is not returned within 180 days after the child is detained plus any granted extension, "the detained child's case *shall* be transferred to the juvenile court and *shall* proceed thereafter as provided in Chapter 11 of Title 15." "Shall" is recognized generally as a command, and is mandatory. *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993). Further, "shall" is a clear and unambiguous term. *Haugen v. Henry County*, 277 Ga. 743, 745 (2) (594 SE2d 324) (2004). Where a "statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." (Citation and punctuation omitted.) *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

The only natural and reasonable construction of OCGA § 17-7-50.1 (b) is that if an indictment is not returned within 180 days after the child was detained and no extension had been granted before that period expired, the child's case must be transferred to the juvenile court. *Hill*, supra. Because no indictment was returned within 180 days after Nunnally's arrest and detention, the grand jury lost authority to indict Nunnally before the indictment was returned. The indictment returned 214 days after his detention was void. Consequently, the trial court erred by granting the State's untimely motion for an extension and denying Nunnally's motion to quash the indictment and transfer the case. This finding is consistent with the holding in *Hill* that once the 180-day period expired,

"the superior court lacked jurisdiction to enter its judgment on Hill's guilty plea." *Hill*, supra, 309 Ga. App. at 534.

When a specified time limit authorizing jurisdiction is exceeded, the trial court loses jurisdiction over such case. See, e.g., *Hill*, supra, 309 Ga. App. at 535 ("The superior court lacked jurisdiction at the time Hill was indicted. . . ."). Therefore, in application OCGA § 17-7-50.1 is the same as our other laws that require that action be taken within a specified time or jurisdiction is lost. For example, OCGA § 34-9-105 (b) requires superior courts to hear Workers' Compensation appeals within 60 days of the date of their docketing or the decision of the State board "shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court." This Code section also requires the superior court to dispose of the issues on appeal within 20 days of the date of any hearing or "the decision of the board shall be considered affirmed by operation of law." The effect of the Code section is that the superior court loses jurisdiction 60 days after the case is docketed if no hearing is held, and any order entered thereafter is a nullity. *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990). Additionally, any decisions entered more than 20 days after a hearing are also nullities. *Holder v. City of Atlanta*, 294 Ga. App. 568, 570 (669 SE2d 504) (2008) (the superior court lacked authority to render an untimely order).

In a similar manner, under OCGA § 17-7-170 (b) if a defendant files a proper demand for trial and is not tried within that term of court or in the next regular court term in which juries qualified to try the defendant were impaneled, the defendant "shall be absolutely discharged and acquitted." Consequently,

> [w]here demand is made and two terms of court expire, at both of which juries are impaneled and qualified to try the defendant, then discharge and acquittal must follow. The defendant's discharge takes place *by operation of law*. No motion to acquit is necessary, but the discharge of the accused results *automatically, by operation of law*. Thus, appellant was *automatically* discharged at the close of the May term. Therefore, since appellant was automatically discharged at the close of the May term, the State's reliance on appellant's September term purported waiver of his demand for trial is misplaced.

(Citations and punctuation omitted; emphasis in original.) *Smith v. State*, 192 Ga. App. 604, 604-605 (386 SE2d 370) (1989).

Additionally, other provisions of our law, OCGA §§ 9-2-60 (b) and

9-11-41 (e), provide that any case in which "no written order is taken for a period of five years shall automatically stand dismissed. . . ." "In fact, '(a)ny subsequent order after the automatic dismissal of the case is null and void, because the trial court has lost jurisdiction over the case, which no longer is pending before it.' [Cit.]" *Brown v. Kroger Co.*, 278 Ga. 65, 69 (597 SE2d 382) (2004).

OCGA § 17-7-50.1 should not be treated differently. Further, orders cannot be entered nunc pro tunc in these circumstances because "[a] nunc pro tunc entry cannot supply non-action. [Cits.]" *Sikes v. Charlton County*, 103 Ga. App. 251, 257 (4) (119 SE2d 59) (1961).

Consequently, because the grand jury did not indict Nunnally within 180 days after his detention and no extension of time had been granted, the grand jury lost authority over Nunnally's case by operation of law. As a result, the indictment and the trial court's after-the-fact grant of an extension were unauthorized and void, and the trial court's order denying Nunnally's motion to quash the indictment and transfer his case to the juvenile court must be vacated.

2. The State argues also that Nunnally's motion was properly denied because he ultimately was indicted for armed robbery, a crime punishable by death or imprisonment for life or by imprisonment for not less than ten nor more than twenty years (OCGA § 16-8-41 (b)), and the superior court is prohibited from transferring to juvenile court cases in which the offense charged is punishable by "loss of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution." OCGA § 15-11-28 (b) (2) (B). Because we have found in Division 1 that Nunnally's indictment was void, OCGA § 15-11-28 (b) (2) (B) does not apply, and this contention is without merit.

Accordingly, the order of the trial court denying Nunnally's motion to quash the indictment and transfer the case to the juvenile court is vacated and the case is remanded to the superior court to transfer this case to the juvenile court for proceedings in accordance with Chapter 11 of Title 15.

*Judgment vacated and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 1, 2011.

*Jon C. Rhoades*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.