A11A1626. IN THE INTEREST OF C. B., a child.
(723 SE2d 21)

ADAMS, Judge.

An arrest warrant was issued on July 29, 2009, against then 15-year-old C. B.[1] on charges of aggravated sexual battery, aggravated child molestation, aggravated assault, cruelty to children in the first degree and false imprisonment, and it appears undisputed that C. B. has been detained since that date. Because the offenses C. B. was alleged to have committed included aggravated child molestation and aggravated sexual battery, the superior court was vested with exclusive jurisdiction over the case pursuant to OCGA § 15-11-28 (b) (2) (A) (v), (vi), and an indictment was returned against

[1] C. B. was born on August 2, 1993.

C. B. charging her with these and other offenses on February 1, 2010.

Because she was not indicted within 180 days of her detention as required by OCGA § 17-7-50.1, the superior court entered an order granting C. B.'s motion to transfer the case to the juvenile court. However, shortly after the case was transferred to the juvenile court, the State filed a motion to transfer the case back to the superior court pursuant to the provisions of OCGA § 15-11-30.2. Following a hearing, the juvenile court granted the motion, and C. B. filed the present appeal from that order.[2] Because we find that the juvenile court erred by transferring the case back to the superior court under the circumstances here, we reverse.

As the superior court properly found, it was required to transfer the case to the juvenile court pursuant to the mandatory provisions of OCGA § 17-7-50.1, which provide in relevant part as follows:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-28 or 15-11-30.2, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. . . .

Further, subsection (b) of that Code section provides that:

> (b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

In this case, the State failed to procure an indictment against C. B. within 180 days of the date she was detained. Thus, pursuant to the mandatory language of that section as well as recent precedent of this Court, the superior court lost jurisdiction of the case and was required to transfer the case to the appropriate juvenile court. *Hill v. State*, 309 Ga. App. 531 (710 SE2d 667) (2011); see also *Nunnally v. State*, 311 Ga. App. 558, 559 (1) (716 SE2d 608) (2011). And, in any event, the transfer from the superior to the juvenile court has not been challenged. Rather, the question here is whether the transfer back to the superior court pursuant to OCGA § 15-11-30.2 was proper.

This question appears to be one of first impression. The State argues that the transfer back was proper because nothing in OCGA § 17-7-50.1 explicitly prevents such a transfer and because this Court

---

[2] The transfer order is directly appealable. *Rocha v. State*, 234 Ga. App. 48, 50 (1) (506 SE2d 192) (1998).

has previously approved a transfer back to a superior court after the superior court transferred the case to the juvenile court. *In the Interest of C. G.,* 291 Ga. App. 743 (662 SE2d 823) (2008).

Although we agree that nothing in the statute specifically prohibits a transfer back to the superior court, we find the transfer in this case was nevertheless improper. The time limits set forth in OCGA § 17-7-50.1 are plainly stated and mandatory, *Hill,* 309 Ga. App. at 533-534 (1), and clearly express the legislative intent that when a juvenile is detained and the superior court is exercising jurisdiction under *either* OCGA § 15-11-28 (b) *or* OCGA § 15-11-30.2, the State must obtain an indictment within the specified time or the superior court loses the jurisdiction conferred by those provisions. Further, as we also held in *Hill,*

> the statute plainly adopts the *date of detention* . . . as the point from which the time is calculated, and it explicitly applies whether the child is initially subject to the jurisdiction of the superior court through committing an enumerated offense, OCGA § 15-11-28, or via a transfer to the superior court after a petition and hearing, OCGA § 15-11-30.2. OCGA § 17-7-50.1 (a).

*Hill,* 309 Ga. App. at 534-535. In this case, the reason the case was transferred to the juvenile court by the superior court was because the State failed to procure an indictment within the prescribed 180 days. The same 180-day time limitation applies to both OCGA § 15-11-28 (b) and OCGA § 15-11-30.2 and that 180 days begins to run on the day the juvenile is detained whenever the superior court is exercising jurisdiction under either section. It necessarily follows that anytime the superior court loses jurisdiction which was conferred by OCGA § 15-11-28 (b) because the State failed to obtain an indictment within 180 days of the date the juvenile was detained, the time will also have expired within which the State could procure an indictment if the superior court were proceeding under OCGA § 15-11-30.2. Thus, a transfer back to the superior court under those circumstances is pointless since an indictment returned by the grand jury would be void. *Nunnally v. State,* 311 Ga. App. at 559 (1).

Moreover, although OCGA § 17-7-50.1 allows the State to request one automatic 90-day extension, as we also recently decided in *Nunnally,* 311 Ga. App. at 559 (1) this extension cannot be granted after the expiration of the 180 days.[3]

---

[3] In this case, the State also sought a "retroactive" extension to present the case to the grand jury, but the trial court denied the State's motion, and the State apparently did not seek to appeal that order.

Further, we believe the case of *In the Interest of C. G.*, 291 Ga. App. 743, cited by the State, does not provide contrary authority. In that case, pursuant to OCGA § 15-11-30.4,[4] the superior court had transferred the case, which involved the indictment of a juvenile for involuntary manslaughter, to the juvenile court after concluding that it had neither exclusive nor concurrent jurisdiction over the matter pursuant to OCGA § 15-11-28 (b) because the indicted offense was not one of the offenses enumerated in that section, and the juvenile court transferred the case back to the superior court pursuant to the provisions of OCGA § 15-11-30.2. But that case contained no mention of how long the juvenile had been detained, and did not discuss the time restraints imposed by OCGA § 17-7-50.1. Thus, that case offers no guidance on the issue before us in this appeal.

It is clear to us that the legislature intended to set time limitations for the State to act in those situations in which the juvenile is detained and the superior court is exercising jurisdiction over the matter pursuant to either OCGA § 15-11-28 (b) or OCGA § 15-11-30.2, and those time limitations would be eviscerated if the juvenile court's transfer order in this case is allowed to stand. Thus, the juvenile court's transfer order must be reversed and the case transferred back to the juvenile court.

*Judgment reversed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JANUARY 30, 2012.

*Kimberly A. Gross, Walker L. Chandler*, for appellant.
*Scott L. Ballard, District Attorney, Christy R. Jindra, Assistant District Attorney*, for appellee.

---

[4] That section provides:
> If it appears to any court in a criminal proceeding or a quasi-criminal proceeding that the defendant is a child, except in cases where the superior court has exclusive or concurrent jurisdiction as provided in subsection (b) of Code Section 15-11-28, the case shall forthwith be transferred to the juvenile court together with a copy of the accusatory pleading and all other papers, documents, and transcripts of testimony relating to the case. . . .