NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: September 4, 2024

S24A0623. THE STATE v. HARRIS.

LaGrua, Justice.

On April 30, 2023, 15-year-old Bjorn Harris was arrested on murder and other charges related to the shooting death of Jaylan Major and transported to the Regional Metro Youth Detention Facility. Harris made his first appearance in the Superior Court of Fulton County[1] on May 5, 2023, and following a hearing, the superior court found probable cause for the charges against Harris, appointed counsel to represent him, and denied bond. On July 28, 2023, Harris—who remained incarcerated following his arrest—was indicted by a Fulton County grand jury for voluntary

---

[1] Given the nature of the charges against Harris, the superior court had exclusive jurisdiction over his case pursuant to OCGA § 15-11-560 (b) (1) ("The superior court shall have exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed any of the following offenses: . . . Murder; . . . Voluntary manslaughter; . . . .").

manslaughter,[2] aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. On November 16, 2023, Harris was reindicted for murder, felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of pistol or revolver by a person under 18. On November 21, 2023, at the request of the State, the superior court issued an order of nolle prosequi on the initial July 2023 indictment.

On December 1, 2023, Harris filed a motion to transfer his case to the juvenile court pursuant to OCGA § 17-7-50.1, arguing that, because he had been consistently detained since the date of his arrest, the State was required to indict him within 180 days, and because the November 2023 reindictment was returned outside that 180-day time period, the superior court no longer had jurisdiction over his case. On December 7, 2023, the superior court held an evidentiary hearing on Harris's motion to transfer, and on December

---

[2] The superior court retained jurisdiction when Harris was indicted for voluntary manslaughter.

11, 2023, the superior court granted the motion, relying largely on the statutory analysis undertaken by the Court of Appeals in *State v. Armendariz*, 316 Ga. App. 394 (729 SE2d 538) (2012). The State appealed the superior court's decision to this Court. See OCGA § 5-7-1 (a) (7) (authorizing the State, in a criminal case, to appeal from "an order, decision, or judgment of a superior court transferring a case to the juvenile court").

On appeal, the State argues that the superior court erred in transferring this case to juvenile court because the grand jury returned a true bill of indictment against Harris within 180 days of his arrest and detention in accordance with OCGA § 17-7-50.1 (a), and a transfer is only required where that deadline passes without a true bill being returned. See OCGA § 17-7-50.1 (b) ("If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court[.]"). The State further argues that the subsequent reindictment of Harris is immaterial to OCGA § 17-7-50.1 (b), which does not purport to

3

alter the rules of reindictment.  For these reasons, the State contends

that the superior court was not authorized by OCGA § 17-7-50.1 (b) to

transfer this case to the juvenile court, and its order doing so must

be reversed.  We agree.

> In statutory interpretation cases such as this, it is well
> settled that a statute draws its meaning from its text.
> When interpreting a statute, we must give the text its
> plain and ordinary meaning, view it in the context in
> which it appears, and read it in its most natural and
> reasonable way. For context, we may look to other
> provisions of the same statute, the structure and history
> of the whole statute, and the other law – constitutional,
> statutory, and common law alike – that forms the legal
> background of the statutory provision in question. When
> we construe such statutory authority on appeal, our
> review is de novo.

*State v. Coleman*, 306 Ga. 529, 530 (832 SE2d 389) (2019) (citations

and punctuation omitted). With these principles in mind, we turn to

the statutory text in question, OCGA § 17-7-50.1.  See id.

In pertinent part, OCGA § 17-7-50.1 provides:

> (a)  Any child who is charged with a crime that is within
> the jurisdiction of the superior court, as provided
> in [OCGA §§] 15-11-560 or 15-11-561, who is detained
> shall within 180 days of the date of detention be entitled
> to have the charge against him or her presented to the
> grand jury. The superior court shall, upon motion for an

4

extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.

(b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

OCGA § 17-7-50.1 (a) and (b).

In granting Harris's motion to transfer, the superior court focused on the term "the charge" found in OCGA § 17-7-50.1 (a) ("Any child . . . who is detained shall within 180 days of the date of detention be entitled to have *the charge* against him or her presented to the grand jury. . . ."; emphasis supplied), interpreting this language to mean that, where a child defendant is detained, the State is required to present the *specific charges* upon which the defendant will ultimately be tried to the grand jury within 180 days. In furtherance thereof, the superior court noted the following: (1) "[t]he State's initial timely indictment did not charge [Harris] with murder, felony murder, or possession of a pistol or revolver by a person under 18"; (2) "the language of the statute specifically

5

requires that 'the charge' be presented to the grand jury prior to the 180 day mark"; and (3) "while [Harris was] indicted twice for the *same incident*, [he] was not indicted with the *same charges* prior to the 180 day mark." See OCGA § 17-7-50.1 (a). Relying on the Court of Appeals' decision in *Armendariz*, the superior court further noted that, "when the State fails to return an indictment within the 180 days, the case must be transferred back to [j]uvenile [c]ourt[,] *even if* the preceding indictment was timely," because "the 180 day clock does not stop running even if the initial indictment was valid." See *Armendariz*, 316 Ga. App. at 396. Applying "the same statutory analysis undertaken in *Armendariz*," the superior court concluded that, because the initial timely indictment against Harris was nolle prossed; because the subsequent indictment included new charges for murder and felony murder that were not alleged in the initial indictment; and because the subsequent indictment was not returned within 180 days of Harris's date of detention, "OCGA § 17-7-50.1 unambiguously require[d] . . . a transfer to [j]uvenile [c]ourt[.]" For the reasons that follow, including the superior court's

6

reliance on *Armendariz,* which was wrongly decided, we conclude that the superior court erred in reaching its conclusion.

The Court of Appeals indeed held in *Armendariz* that an out-of-time reindictment represents "the state's failure to obtain the timely return of a true bill," which "requires that the case then be transferred back to juvenile court." *Armendariz,* 316 Ga. App. at 396 (citing OCGA § 17-7-50.1 (b)). But that holding is incorrect, is inconsistent with the plain language of the statute, and therefore is overruled. See OCGA § 17-7-50.1 (a) and (b).

> As we explained in *Coleman,* the text of this statute is clear:
>
> [OCGA § 17-7-50.1] entitles a child "who is detained" on criminal charges within the jurisdiction of the superior court to have those criminal charges presented to a grand jury within 180 days "of the date of detention." Id. at (a). If the grand jury does not return a true bill "against the detained child" within 180 days, then the superior court must transfer "the detained child's case" to juvenile court.

*Coleman,* 306 Ga. at 531 (citing OCGA § 17-7-50.1 (a) and (b)).

Reading this language "in its most natural and reasonable way," id. at 530, subsection (a) requires that, where a child

7

defendant is detained on a criminal charge or charges within the superior court's jurisdiction, the State must present that "charge" or charges to the grand jury "within 180 days of the date of detention." OCGA § 17-7-50.1 (a). And subsection (b) requires a grand jury to return "*a* true bill" of indictment against a "detained child" within 180 days. OCGA § 17-7-50.1 (b) (emphasis supplied). See also OCGA § 15-12-74 (b) (addressing the procedure to be followed when "a true bill is returned by the grand jury on any count of an indictment"). The text of this statute only requires that a true bill be returned on at least one charge that is within the jurisdiction of the superior court for the court to retain jurisdiction. OCGA § 17-7-50.1 (a) and (b). Thus, the superior court's focus on the "charge" language in the statute to conclude that the indictment could not be amended to add additional charges was misplaced. Affording the text its "plain and ordinary meaning," *Coleman*, 306 Ga. at 531, this statute provides that, if a grand jury returns a true bill of indictment against a "detained child" within 180 days of the date of the child's detention, that true bill is timely, and the case may proceed in the

8

superior court. OCGA § 17-7-50.1 (a) and (b). If, however, "the grand jury does not return a true bill against the detained child within [180 days of the date of detention]" and the superior court did not otherwise grant an extension as authorized by OCGA § 17-7-50.1 (a), the true bill is *not* timely, and "the detained child's case shall be transferred to the juvenile court[.]" OCGA § 17-7-50.1 (b).

Moreover, the statute does not address reindictments at all, let alone prohibit the return of a true bill on a subsequent indictment outside the 180-day timeframe specified in OCGA § 17-7-50.1 (a). Under Georgia law, the State is generally authorized to reindict a defendant at any time prior to trial, which could include modifying the charges in the initial indictment or adding additional charges to the indictment, unless that right has been explicitly limited by statute—a claim which is not at issue here. See, e.g., *State. v. Heath*, 308 Ga. 836, 840 (843 SE2d 801) (2020) (holding that "the State can usually re-indict before trial unless[, for example,] the statute of limitations for the crimes with which the defendant was charged bars the prosecution"); *Smith v. State*, 279 Ga. 396, 396-397 (1) (614

9

SE2d 79) (2005) (explaining that a superseding charging instrument can be returned by a grand jury against a defendant as long as jeopardy did not attach to the first indictment). Thus, while OCGA § 17-7-50.1 explicitly requires a grand jury to return a true bill of indictment against a detained child within 180 days of his or her detention, the statute does not by its clear terms prohibit a reindictment of that same defendant outside the 180 days or provide that doing so deprives the superior court of jurisdiction and requires the case to be transferred to juvenile court. See id.

In this case, Harris was arrested and detained on April 30, 2023, and the grand jury returned a true bill against him on July 28, 2023—within 180 days of his detention. See OCGA § 17-7-50.1 (a). And the subsequent indictment of Harris, which was returned by the grand jury on November 16, 2023, included charges over which the superior court retained its exclusive jurisdiction under OCGA § 15-11-560 (b) (1). Accordingly, given that the true bill of the July 2023 indictment against Harris was timely returned under OCGA § 17-7-50.1 (a), we conclude that OCGA § 17-7-50.1 (b) did not

10

authorize the superior court to transfer this case to juvenile court, and that order must be reversed.

*Judgment reversed. All the Justices concur.*