**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: April 8, 2025

S25A0041.  COOPER v. THE STATE.

COLVIN, Justice.

Appellant Jaquez Cooper appeals his convictions for malice murder and a related offense in connection with the November 28, 2018 shooting death of Rene Betancourt.[1] On appeal, Appellant

---

[1] On April 18, 2019, a DeKalb County grand jury returned a true bill of indictment, charging Appellant with malice murder and possession of a firearm during the commission of a felony. On February 25, 2020, a DeKalb County grand jury returned a superseding indictment, which charged Appellant with malice murder (Count 1), felony murder (Count 2), aggravated assault (Count 3), possession of a firearm during the commission of a felony (Count 4), and theft by taking (Count 5). A jury trial on the superseding indictment was held from April 18 through 22, 2022. The jury found Appellant guilty of Counts 1 through 4 and not guilty of Count 5. The trial court sentenced Appellant to life in prison with the possibility of parole for Count 1 and to a consecutive five-year prison term for Count 4. Count 2 was vacated by operation of law, and Count 3 merged with Count 1 for sentencing purposes. Appellant timely filed a motion for new trial on May 5, 2022, and amended the motion through new counsel on March 29, 2024. Following a hearing on the motion for new trial on April 10, 2024, the trial court denied the motion on April 29, 2024. Appellant timely filed a notice of appeal. The case was docketed to this Court's term beginning in December 2024 and was submitted for a decision on the briefs.

contends that the superior court erred in denying his plea in bar, which challenged the superior court's jurisdiction under OCGA § 17-7-50.1. He also asserts a related claim of ineffective assistance of trial counsel, arguing that trial counsel was deficient for failing to timely file the plea in bar. As explained below, we affirm Appellant's convictions because our precedent forecloses his challenge to the superior court's jurisdiction, and he has failed to show prejudice from trial counsel's alleged ineffective assistance.

1. Appellant, who was 16 years old when the crimes occurred, was arrested on December 21, 2018. On April 18, 2019 — 118 days after Appellant's arrest — a grand jury returned a true bill of indictment charging Appellant with murder. And on February 25, 2020 — 431 days after Appellant's arrest — a grand jury returned a superseding true bill of indictment that likewise charged Appellant with murder.

Shortly before trial, Appellant filed a plea in bar.[2] Appellant argued that the superior court lacked jurisdiction over the

_____

[2] As noted below, we need not decide whether the plea in bar was timely.

2

superseding indictment because that indictment had not been returned within the 180-day period prescribed by OCGA § 17-7-50.1, which provides in relevant part:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court . . . who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.
>
> (b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.

OCGA § 17-7-50.1 (a), (b). The trial court considered the plea in bar on the merits and summarily denied it. Appellant was then tried on the superseding indictment and found guilty of murder, among other crimes.

In his motion for new trial, Appellant argued both that the trial court had erred in denying his plea in bar and that trial counsel was ineffective for failing to timely file the plea in bar. The superior court

3

rejected both claims. As to Appellant's challenge to the court's denial of his plea in bar, the court concluded that, under the plain language of OCGA § 17-7-50.1, the court had jurisdiction over Appellant's case because the original indictment charging Appellant with murder was filed within the time limitation imposed by OCGA § 17-7-50.1, and it was irrelevant that the case was reindicted after the 180-day period. Turning to Appellant's ineffective-assistance-of-counsel claim, the court concluded in relevant part that Appellant had not established prejudice because the trial court had considered Appellant's plea in bar on the merits rather than rejecting it as untimely.

2. On appeal, Appellant argues again that the superior court erred in denying his plea in bar because he was reindicted more than 180 days after his arrest, in violation of OCGA § 17-7-50.1, and the court therefore lacked jurisdiction over his superseding indictment. This argument, however, is foreclosed by our decision in *State v. Harris*, 319 Ga. 665 (906 SE2d 402) (2024), which issued the day after Appellant filed his principal brief in this Court. In *Harris*, we

4

held, based on the plain language of OCGA § 17-7-50.1, that the "statute only requires that a true bill be returned on at least one charge that is within the jurisdiction of the superior court [within 180 days of the date of the child's detention] for the court to retain jurisdiction." *Harris*, 319 Ga. at 669. And we further held that "a reindictment of that same defendant outside the 180 days" does not "deprive[ ] the superior court of jurisdiction." Id. at 670.

Here, it is undisputed that the grand jury returned the original true bill of indictment within 180 days of Appellant's arrest. And the original indictment charged Appellant with malice murder, a "charge that is within the jurisdiction of the superior court." *Harris*, 319 Ga. at 669. See OCGA § 15-11-560 (b) (1) ("The superior court shall have exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed . . . [m]urder[.]"). Accordingly, the superior court "retain[ed] jurisdiction" over the case, despite the fact that the grand jury "reindict[ed]" Appellant more than 180 days after his arrest. *Harris*, 319 Ga. at 669-670. We therefore affirm the trial court's denial of

5

Appellant's plea in bar.

3. Appellant also argues on appeal that trial counsel was ineffective for failing to file the plea in bar challenging the court's jurisdiction under OCGA § 17-7-50.1 within ten days of his arraignment or to seek an extension to file the plea in bar, in accordance with OCGA § 17-7-110 ("All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."). This claim fails.

"To prevail on an ineffective-assistance-of-counsel claim, a defendant must show deficient performance by trial counsel and resulting prejudice." *Zayas v. State*, 319 Ga. 402, 409 (3) (902 SE2d 583) (2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984)). To establish prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different." Id. (citation and punctuation omitted). "If a defendant fails to establish either deficient performance or prejudice, we need

6

not address the other part of the *Strickland* test." Id.

Assuming without deciding that trial counsel did not timely file the plea in bar and performed in a constitutionally deficient manner by failing to timely file the plea in bar or to seek an extension of time to file the plea in bar, the trial court correctly determined that Appellant failed to establish prejudice. Appellant has not shown a reasonable probability that the result would have been different if trial counsel had filed the motion earlier or sought an extension to file the motion because the trial court did not reject the plea in bar as untimely but instead considered the motion and denied it on the merits, see *Wilson v. State*, 277 Ga. 485, 485-486 (2) (591 SE2d 812) (2004) (holding that the appellant did not suffer prejudice from counsel's failure "to file a timely motion to suppress the murder weapon" because, "at trial, the trial court considered the merits of the motion and denied it on substantive grounds"); and because, as discussed above, the plea in bar was meritless, see *State v. Henry*, 312 Ga. 632, 635 (2) (864 SE2d 415) (2021) ("[A] defendant is not normally prejudiced by his lawyer's failure to pursue a legal

7

argument that appeared to have merit at the time but is later determined to be meritless due to a subsequent change or development in the law." (emphasis omitted)). Accordingly, this claim fails.

*Judgment affirmed. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, and Pinson, JJ, concur.*