**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 2, 2026**

# In the Court of Appeals of Georgia

A26A0137. THE STATE v. JONES.

DOYLE, Presiding Judge.

In 2023, 14-year-old Brady Jones was arrested in connection with the shooting death of 14-year-old G. G.[1] After being detained approximately 240 days without indictment, Jones moved to transfer the case to juvenile court pursuant to OCGA § 17-7-50.1(a), which motion the superior court granted. The State appeals, arguing that

---

[1] Because the superior court's transfer order was directly appealable, see OCGA §§ 5-7-1(a)(7) (the State may directly appeal from an order transferring a case to juvenile court pursuant to OCGA §§ 17-7-50.1(b)), 5-7-2(b)(2) (no certificate of immediate review required), this Court granted the State's application for interlocutory appeal. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004) (an interlocutory application from a directly appealable order will be granted).

the order was erroneous because the superior court had granted it a valid 90-day extension of time in which to indict. For the reasons that follow, we affirm.

OCGA § 17-7-50.1(a), the statute at issue here, states that

[a]ny child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-560 or 15-11-561,[2] who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. The superior court shall, upon motion for an extension of time and after a hearing and good cause shown, grant one extension to the original 180 day period, not to exceed 90 additional days.

The statute also explains that "[i]f the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court[.]" OCGA § 17-7-50.1(b).

The record shows that on August 28, 2023, Jones was arrested on charges of second degree cruelty to children, felony murder predicated on cruelty to children,

---

[2] These Code sections describe concurrent or exclusive jurisdiction of juvenile courts and superior courts "over a child who is alleged to have committed a delinquent act which would be considered a crime" if committed by an adult and that is punishable by certain sentences or that appears within a delineated list of crimes. See OCGA §§ 15-11-560, 15-11-561.

2

possession of a firearm during the commission of a felony, tampering with evidence, and possession of a firearm by a minor. The warrant affidavits stated that in the late afternoon of August 27, 2023, Jones "knowingly and willfully during a negligent act" caused the death of G. G. by shooting her in the head with a handgun.

On February 21, 2024, Jones had been detained 177 days and had not been indicted, but the superior court issued an order granting the State a 90-day extension to indict pursuant to OCGA § 17-7-50.1(a). The order stated that "[t]he State would show that there are various reports from the GBI which the State was waiting on as well as follow up interviews with co-defendants in said case. Therefore, the State would move for one extension not to exceed 90 days in this case." The State concedes that it did not notify Jones or his attorney prior to moving for the extension and did not file a written motion requesting the extension, instead making a verbal request and preparing the order for the court. On April 29, 2024, a grand jury returned an indictment against Jones on the above-referenced charges.

On May 3, 2024, Jones moved to transfer the case to juvenile court pursuant to OCGA § 17-7-50.1(a), arguing that he had been detained for more than 240 days prior to his April 29, 2024 indictment and that the State had failed to move for the 90-day

extension before expiration of the 180-day detention limit. On October 18, 2024, Jones amended his motion to transfer, explaining that he "learned [on May 6, 2024] after filing the Motion to Transfer on May 3, 2024, that an Ex-Parte Order was signed on February 21, 2024, granting an extension of time for grand jury presentment." (Cleaned up). Jones observed that the extension order omitted language from OCGA § 17-7-50.1(a), stating only that "the superior court shall, upon motion for an extension of time ... grant one extension to the original 180 day period, not to exceed 90 additional days" and omitting the language, "and after a hearing and good cause shown." Jones alleged that neither he nor his attorney received notice of any motion for extension, that no motion was filed into the record, that he had no opportunity to respond or argue against the State's reasons for requesting the extension, and that the resulting order violated the clear statutory prerequisites as well as his federal and state constitutional rights to due process.

After a brief hearing on the matter, the parties submitted written briefs to the superior court, and thereafter, the court granted Jones's amended motion to transfer to juvenile court. In its order, the court found that the State had moved in open court for the extension, but that neither Jones nor his attorney was present. The State

4

prepared the extension order, which the court signed, but no notice or opportunity to respond was given to Jones. The court found that the failure to meet the explicit statutory requirements rendered the extension invalid.

The State appeals from the transfer order, arguing that the superior court erred by granting it on the basis that no separate hearing occurred. The State contends that the single statutory 90-day extension is "automatic," citing *In the Interest of C. B.*, 313 Ga. App. 778 (723 SE2d 21) (2012), and mandatory given the statutory language that the extension "shall" be granted. It also contends that any error was harmless because the extension would have been granted in light of the language in the order referencing the outstanding GBI reports and co-defendant interviews, which it contends is "good cause."

In statutory interpretation cases such as this, it is well settled that a statute draws its meaning from its text. When interpreting a statute, we must give the text its plain and ordinary meaning, view it in the context in which it appears, and read it in its most natural and reasonable way. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question. When we construe such statutory authority on appeal, our review is de novo.

*State v. Harris*, 319 Ga. 665, 667 (906 SE2d 402) (2024) (punctuation omitted). See generally *Clark v. State*, 321 Ga. 35, 40-43(2)(a) (912 SE2d 593) (2025) (providing extended discussion on the interpretation of "shall" in a statutory context as well as the appropriate remedy based on the language of the statute). "If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." *Major v. State*, 301 Ga. 147, 150(1) (800 SE2d 348) (2017) (quotation marks omitted).

In this case, the language at issue is clear and unambiguous. The State must indict a juvenile defendant within 180 days or the case is transferred back to the juvenile court. OCGA § 17-7-50.1. See also *Nunnally v. State*, 311 Ga. App. 558, 559(1) (716 SE2d 608) (2011). The State can move for one 90-day extension to the initial 180 days, but prior to granting that extension, there must be a hearing and a showing of good cause. OCGA § 17-7-50.1(a). The determination of whether good cause has been shown is not a formality. That requirement was not met in this case, and in fact, the State concedes that it failed to notify the defendant of its motion prior to entry of the order, failed to properly serve the order on the defendant, and failed to include the applicable language in the order itself.

With regard to the State's contention that the extension is "automatic," rendering a hearing including the defendant unnecessary, we disagree. *In the Interest of C. B.*, 313 Ga. App. at 780, which the State cites in support of this contention, reviewed an appeal in which a case had been transferred to the juvenile court pursuant to OCGA § 17-7-50.1(a) for failure to indict within 180 days, but "the State filed a motion [in the juvenile court] to transfer the case back to the superior court pursuant to the provisions of OCGA § 15-11-30.2." *In the Interest of C. B.*, 313 Ga. App. at 779. This Court found that the juvenile court's re-transfer was error based on the plain language of OCGA § 17-7-50.1(a), and that any subsequent indictment would have been void. *In the Interest of C. B.*, 313 Ga. App. at 780. (citing *Nunnally*, 311 Ga. App. at 559(1)). This Court stated, "[m]oreover, although OCGA § 17-7-50.1 allows the State to request one automatic 90-day extension, as we also recently decided in *Nunnally*, 311 Ga. App. 558(1) this extension cannot be granted after the expiration of the 180 days." *In the Interest of C. B.*, 313 Ga. App. at 780. The use of the word "automatic" in this context, however, was not based on the statutory language, prior case law, or the facts at issue on appeal. See, e.g., *Schoicket v. State*, 312 Ga. 825, 832(1) (865 SE2d 170) (2021) ("It is, of course, axiomatic that a decision's holding is

7

limited to the factual context of the case being decided and the issues that context necessarily raises.") (punctuation omitted). Accordingly, it was dicta.

Additionally, the State's contention that the extension in this case was harmless would, if accepted, render superfluous the plain statutory requirement. See *Hill v. State*, 309 Ga. App. 531, 533–35 (710 SE2d 667) (2011) (declining to interpret the statute to mean that the 180-day period should run from the date of transfer to the superior court rather than the date of detention as written). Indeed, the State's reading of the statute rewrites the 180-day period into a 270-day time period. See, e.g., *Schoicket*, 312 Ga. at 831(1). Any inclusion in the order of references to missing GBI reports or co-defendant interviews, which could be read (at most) as an implicit finding of good faith, does not change the outcome because Jones was not provided an opportunity to present any argument that may have swayed the superior court to find that the State could not show good cause for an extension. Accordingly, because the February 21, 2024 extension order was entered without compliance with the explicit statutory requirements, the 90-day extension was invalid, and the case was due

to be transferred to juvenile court for failure to indict Jones within 180 days of detention.

*Judgment affirmed. Davis, J., and Senior Judge C. Andrew Fuller concur.*